UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| STEVE NAPIER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:16-CV-00108-JRG |
| | ) | |
| vs. | ) | |
| | ) | |
| WAL-MART STORES EAST L.P., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Wal-Mart Stores East, L.P.'s (hereinafter "Wal-Mart") motion for leave to amend/supplement its answer to the Intervening Complaint filed by Borden Dairy Company of Kentucky, LLC (hereinafter "Borden") [Doc. 22]. Wal-Mart wishes to amend its answer to assert a counterclaim against Borden for the defense and indemnification of Wal-Mart for all costs, expenses, reasonable attorney's fees, settlement, or judgment proceeds entered against it in this lawsuit. Both the Plaintiff Steve Napier ("Napier") and Intervening Plaintiff Borden have filed responses in opposition. [Doc. 30, 31]. The motion is now ripe for resolution.

**I.    FACTS**

Steven Napier worked for Borden delivering milk. On November 2, 2015, in the course and scope of his employment, he delivered milk to a Wal-Mart store in Kingsport, Tennessee when he was injured. He alleges that a Wal-Mart employee "disengaged the mechanical ramp creating a gap between the floor level of the trailer and the floor level of the dock." [Doc. 1-2, *Complaint*, pg. 2]. When Napier backed out of the trailer, he fell between the dock edge and the trailer, injuring himself. *Id.* at 2-3. As a result of his injury, he received worker's compensation benefits under the Kentucky Workmen's Compensation Act [Doc. 17, pg. 1]. He then sued Wal-Mart in

1

Tennessee state court for his injuries, claiming that it was Wal-Mart's negligence which caused his injuries. After Wal-Mart removed the case to this Court, Borden intervened to protect its subrogation interest, claiming that it had provided medical benefits to Napier pursuant to Kentucky Workmen's Compensation Act [Doc. 17, *Intervening Complaint,* pg. 2].

Wal-Mart now seeks Court permission to file a counterclaim against Borden for the "defense and indemnity of Wal-Mart in this matter." This motion is based on an indemnification agreement ("Agreement") in which Borden agreed to "protect, defend, hold harmless and indemnify [Wal-Mart] from any and all lawsuits…arising out of any actual or alleged … act, activity or omission of [Borden] or any of its employees … including … activities on [Wal-Mart's] premises and the use of any vehicle … of [Borden's] in connection with any sale to or service for [Wal-Mart]." [Doc. 22-4, pg. 11].

Borden objects to the motion as it claims the motion to amend is futile. Borden asserts that the indemnification agreement does not relate to the conduct of Wal-Mart employees, but to its own employees. As this case involves the alleged negligence Wal-Mart and/or its employees, Borden asserts that the amendment would not survive a motion to dismiss because the indemnity clause is clearly not triggered. Napier also objects to the motion, arguing that neither Fed.R.Civ.P 13 or 15 mandate permitting this amendment [Doc. 30]

**II.     ANALYSIS**

Wal-Mart focuses its argument in support of its motion on the procedural aspects of Fed.R.Civ.Pro. 13 and 15 that relate to compulsory counterclaims and amendments to pleadings, respectively. Rule 13(a) requires a defendant to assert in its answer a counterclaim that "at the time of its service" "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Wal-Mart argues this is not a compulsory counterclaim as it arose while

2

the case was pending. Instead, Rule 13(e) applies, which permits a counterclaim by supplemental pleading. " The standard applicable to amendments under Rule 15 is used to determine whether leave to file a counterclaim under Rule 13(e) should be permitted." *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Michigan*, No. 11-12557, 2013 WL 228097, at *1 (E.D. Mich. Jan. 22, 2013). Wal-Mart then argues that under Rule 15, its motion is proper. First, amendments should be freely given "when justice so requires." Rule 15(a)(2). Second, under Rule 15(d), which governs supplemental pleadings, the court should "on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d).

However, a motion to amend may be denied if the amendment would be futile. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). Although Wal-Mart avers that Borden's futility argument at this stage is "unwarranted," it is well-established in Sixth Circuit jurisprudence that futility is a specific consideration to be addressed in determining whether a proposed amendment should be granted. See *111 Debt Acquisition Holdings, LLC v. Six Ventures Ltd.*, 413 F. App'x 824, 831 (6th Cir. 2011) (quoting *Perkins v. Am. Elec. Power. Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Wal-Mart's proposed counterclaim rests entirely on the defense and indemnity clause in its contract with Borden. This indemnification agreement requires Borden to indemnify Wal-Mart for conduct related to its own employees, not those of Wal-Mart's against Borden's. Otherwise, Borden would have to defend Wal-Mart for Wal-Mart's own negligence that injured Borden's

3

employees. Not even a liberal reading of the indemnification agreement permits that interpretation.

The indemnity clause in Borden's contract with Wal-Mart only covers any "[a]ct, activity or omission of [Borden] or any of its employees . . . in connection with any sale to or service for [Wal-Mart]." [Doc. 22-4, pg. 11]. Although Wal-Mart asserts the affirmative defense of comparative fault against Napier, it has not filed any counterclaim against him or alleged that Napier, through "any act, activity, or omission," caused any damage to Wal-Mart. It pleads comparative fault, which as Borden correctly notes, would only reduce Wal-Mart's liability to Napier.[1] *See Tonsetic v. Rafferty's Inc.*, No. 1:14-CV-00170, 2016 WL 4083455, at *3 (W.D. Ky. Aug. 1, 2016) (court dismissing indemnity claim by defendant against plaintiff's employer because comparative fault will ensure that defendant is only liable for its own actions). Thus, neither Wal-Mart nor the original action has asserted any allegations triggering the contract's indemnity clause. As the issue of indemnification is Wal-Mart's sole basis for its motion for leave to amend its answer, this amendment is clearly futile. Accordingly, this Court respectfully RECOMMENDS that Wal-Mart's motion to amend [Doc. 22] be DENIED.[2]

Respectfully submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Tennessee employs the doctrine of modified comparative fault. *See McIntyre v. Baletine*, 833 S.W.2d 52 (Tenn. 1992). Thus, if Napier is found to be negligent and his comparative fault is proportioned at 50 percent or greater, he would be barred from recovery. *See Lewis v. Norfolk S. R.R.*, 618 F. Supp. 2d 833, 842 (Tenn. Ct. App. 2008) ("In order for a plaintiff to recover under [Tennessee's] comparative fault doctrine, she must be less at fault than the defendant").

[2] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).