UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| STEVE NAPIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-108 |
| | ) |
| WAL-MART STORES EAST L.P., | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated February 10, 2017, [Doc. 34]. In that Report and Recommendation, the Magistrate Judge recommends that Wal-Mart Stores East, L.P.'s ("Wal-Mart") "Motion for Leave to Amend/Supplement Its Answer to the Intervening Complaint by Borden Dairy Company of Kentucky, LLC," [Doc. 22], be denied. Wal-Mart has filed objections to the Report and Recommendation, [Doc. 38]. Borden Dairy Company of Kentucky, LLC ("Borden") has responded, [Doc. 40]. The matter is ripe for review.

After careful *de novo* consideration of the record as a whole,[1] and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for

---

[1] Wal-Mart did not address the standard of review. Borden argues that this is a non-dispositive pretrial order, and, thus, the Court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Of course, if the Court considers the magistrate judge's order as issued in response to a dispositive motion, then this Court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). This Court notes that under either standard, the objections would be overruled. Thus, this Court applied the *de novo* standard.

the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that Wal-Mart's objections are OVERRULED, the Report and Recommendation is ADOPTED and APPROVED, [Doc. 34], and the "Motion for Leave to Amend/Supplement Its Answer to the Intervening Complaint by Borden Dairy Company of Kentucky, LLC," [Doc. 22], is DENIED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

In addition, Borden is correct in that Wal-Mart raised three arguments for the first time in its objections to the Report and Recommendation. "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in the objections to magistrate judge's report and recommendation are deemed waived."). The Court finds no such compelling reasons here. As such, Wal-Mart has waived those arguments. Despite waiver, this Court analyzed those arguments and has found them without merit.